**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

| | |
|---|---|
| **ALEXIS MOORE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No.: 9:18-cv-81586 |
| v. ) | |
| ) | |
| **RADIUS GLOBAL SOLUTIONS, LLC,** ) | |
| **f/k/a NORTHLAND GROUP, LLC,** ) | |
| ) | |
| **Defendant.** ) | |

## CLASS ACTION COMPLAINT

NOW COME the plaintiff, ALEXIS MOORE, by and through her undersigned counsel, and for this Class Action Complaint against the defendant, RADIUS GLOBAL SOLUTIONS, LLC, f/k/a NORTHLAND GROUP, LLC, and its present, former, or future, direct and indirect, parent companies, subsidiaries, affiliates, agents, and/or other related entities (hereinafter collectively "Defendant"), alleges as follows:

## INTRODUCTION

1. Plaintiff, individually and as a class representative for all others similarly situated, brings this action against Defendant for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (hereinafter, "TCPA") and for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter, "FDCPA").

## PARTIES

2. Plaintiff, ALEXIS MOORE is a citizen of Florida.

3. Defendant, RADIUS GLOBAL SOLUTIONS, LLC, f/k/a NORTHLAND GROUP, LLC, is registered as a limited liability company in Florida with its principal place of business in Pennsylvania.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's TCPA and FDCPA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the laws of the United States, specifically 47 U.S.C. § 227 and 15 U.S.C. § 1692.

5. This Court has personal jurisdiction over Defendant because they have submitted to Florida jurisdiction by registering with the Secretary of State to do business in the State of Florida, and the wrongful acts alleged in this Complaint were directed into Florida.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## FACTUAL ALLEGATIONS

7. Defendant has initiated multiple telephone calls to Plaintiff in an attempt to collect a debt allegedly owed by Plaintiff (hereinafter, "the Debt").

8. The Debt was incurred, if at all, for Plaintiff's personal, family, or household use.

9. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

10. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

12. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

13. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

14. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTS

15. In or around September of 2018, Defendant began placing telephone calls to Plaintiff's cellular telephone in an attempt to collect the Debt.

16. Specifically, Defendant placed at least twenty (20) telephone calls to Plaintiff's cellular telephone, including but not limited to on the following dates:

   a. September 7, 10, 12, 13, 14, 15, 17, 18, 20, 21, 25, 26, and 28 of 2018

   b. October 1, 2, 3, 4, and 5 of 2018

17. Each of the telephone calls initiated to Plaintiff by Defendant were directed to Plaintiff's cellular telephone number.

18. When Plaintiff answered the telephone calls initiated to Plaintiff by Defendant, Plaintiff was greeted with a pre-recorded voice message and Plaintiff was unable to speak with a live person.

19. Each telephone call placed by Defendant to Plaintiff was made with the use of an automatic telephone dialing system.

20. The telephone calls showed on Plaintiff's call log with a caller identification number of 866-572-8957.

21. These are the calls of which Plaintiff is aware; there are very likely more calls going back as far as four years, and possibly using a different Caller ID.

22. Plaintiff did not provide Defendant with her cellular telephone number.

23. Plaintiff did not consent to the telephone calls initiated by Defendant to Plaintiff's cellular telephone number.

24. Plaintiff has no relationship with Northland.

25. On September 28, 2018, Plaintiff called Defendant and instructed Defendant to cease calling her telephone number.

26. Defendant continued to place telephone calls to Plaintiff's cellular telephone after Plaintiff instructed it to cease calling her telephone number.

27. Defendant knows that the TCPA prohibits it from initiating telephone calls to any cellular telephones using an automated telephone dialing system or artificial or prerecorded voice to deliver a message without the prior express consent of the called party.

28. Despite being cognizant of the aforementioned prohibitions imposed upon it by the TCPA, Defendant proceeded to initiate calls to Plaintiff's cellular telephone number without her consent.

29. Even if the telephone calls that are the subject of this case were not made or initiated by Defendant (i.e., if they were made by some affiliate, subsidiary, or vendor), Defendant approved the use of its name in messages and calls such as the ones at issue, and therefore, should be held liable for such calls. To the extent that some third party initiated the calls, Defendant should be held directly, strictly or vicariously liable for any violation.

30. Plaintiff's privacy has been violated by the aforementioned telephone calls initiated by Defendant to Plaintiff.

31. Defendant's telephone calls to Plaintiff, as delineated above, constitute a nuisance as they are annoying and harassing.

32. Upon information and belief, Defendant continues to initiate telephone calls such as those it initiated to Plaintiff and members of the Class, as defined below.

33. Plaintiff and all members of the Class have been harmed by the acts of Defendant because their privacy has been violated, they were wrongfully deprived of the legitimate use of their phones while dealing with the calls and messages and they have been subjected to annoying and harassing calls.

## CLASS ACTION ALLEGATIONS

34. Class Definition. Pursuant to Fed. R. Civ. P. 23, Plaintiff brings this case as a class action on behalf of National Classes (collectively referred to as the "Classes") defined as follows:

**All persons in the United States who Defendant or someone on its behalf called at least once in the four years prior to filing of this complaint, using: (a) the same or similar dialing system that was used to call Plaintiff, (b) a message that had been recorded ahead of time, or (c) both, where Defendant had not obtained the phone number from the call recipient as to the alleged debt being collected.**

35. Numerosity. The Class is so numerous that joinder of all members is impracticable. On information and belief, the Class has more than 1,000 members. Moreover, the disposition of the claims of the Class members in a single action will provide substantial benefits to all parties and the Court.

36. Commonality. There are numerous questions of law and fact common to Plaintiff and members of the Class. These common questions of law and fact include, but are not limited to, the following:

    a. Whether the messages played during calls were "artificial or prerecorded

        voice" under the TCPA;

    b.    Whether the system used to call Plaintiff and the class was an "automatic telephone dialing system" under the TCPA;

    c.    Whether Defendant's violations were willful and/or knowing;

37.    <u>Typicality</u>.  Plaintiff's claims are typical of the claims of the Class.  Plaintiff's claims, like the claims of the Class, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

38.    <u>Adequacy</u>.  Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys with significant experience in complex and class action litigation, including consumer class actions and TCPA class actions.  Plaintiff and her counsel are committed to prosecuting this action vigorously on behalf of the Classes and have the financial resources to do so.  Neither Plaintiff nor her counsel have interests that are contrary to or that conflict with those of the proposed Class.

39.    <u>Predominance</u>.  Defendant has engaged in a common course of conduct toward Plaintiff and members of the Class.  The common issues arising from this conduct that affect Plaintiff and members of the Class predominate over any individual issues.  Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

40.    <u>Superiority</u>.  A class action is the superior method for the fair and efficient adjudication of this controversy.  Classwide relief is essential to compel Defendant to comply with the TCPA.  The interest of members of the Class in individually controlling the prosecution of separate claims against Defendant is small because the damages in an individual action for violation of the TCPA are small.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all

automated. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

41. <u>Injunctive and Declaratory Relief Appropriate</u>.  Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a classwide basis.  Moreover, Defendant has been sued for TCPA before, but the violations continue; including to persons it knows are non-debtors. Continuing TCPA violations are certain to continue absent an injunction prohibiting such.

WHEREFORE, Plaintiff, on her own behalf and on behalf of the members of the Class, prays for judgment against Defendant as follows:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as representatives;

C. Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violated the TCPA and FDCPA;

E. An order enjoining Defendant and/or its affiliates, agents, and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

F. An award to Plaintiff and the Class of damages, as allowed by law;

G. An award to Plaintiff and the Class of attorneys' fees and costs, as allowed by law and/or equity;

H. Leave to amend this Complaint to conform to the evidence presented at trial; and

I. Orders granting such other and further relief as the Court deems necessary, just,

and proper.

## COUNT II – FDCPA

42. Plaintiff re-alleges and incorporates by reference all paragraphs of this complaint as though fully set forth herein.

43. Defendant has placed at least twenty (20) automated telephone calls to Plaintiff's cellular telephone in an attempt to collect a debt that she does not owe.

44. Upon information and belief, Defendant was attempting to collect a debt owed by Donald Crews.

45. Plaintiff does not know Donald Crews, but he shares the same last name as her husband, Jeff Crews.

46. Even after Plaintiff contacted Defendant and instructed it to cease contacting her on September 28, 2018, Defendant continued to place at least seven (7) additional telephone calls to Plaintiff in an attempt to collect the Debt.

47. The repetitive calls made by Defendant to Plaintiff were disturbing, harassing, and had the effect of making Plaintiff feel concerned and suspicious about answering the telephone.

48. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

   b. Caused a telephone to ring or engaged any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number in violation of 15 U.S.C. §1692d(5);

   c. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

49. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, ALEXIS MOORE, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Damages pursuant to 15 U.S.C. § 1692k;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY**

Plaintiff demands a trial by jury for all issues so triable.

> Respectfully submitted,
> **ALEXIS MOORE**
> **individually and on behalf of all**
> **others similarly situated,**

Dated: November 15, 2018

> By: /s *David M. Marco*
>
> David M. Marco
> IL Bar No. 627331
> FL Bar No. 125266
> SMITHMARCO, P.C.
> 55 W. Monroe Street, Suite 1200
> Chicago, IL 60603
> Telephone: (312) 546-6539
> Facsimile: (888) 418-1277
> E-Mail: dmarco@smithmarco.com

Alexander H. Burke (*pro hac vice* to be filed)
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that Defendant take affirmative steps to preserve all recordings, data, emails, recordings, documents and all other tangible things that relate to the allegations herein, Plaintiff or the putative class members, or the making of telephone calls or texts, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If Defendant is aware of any third party that has possession, custody or control of any such materials, Plaintiff demands that Defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of Defendant.